1

2

3

4

5

6                       UNITED STATES DISTRICT COURT

7                           DISTRICT OF NEVADA

8                                   * * *

9   TED W. ROOKSTOOL and LEAH C.        )
    ROOKSTOOL,                          )
10                                      )        3:06-CV-00499-LRH-VPC
                 Petitioners,           )
11                                      )
    v.                                  )        ORDER
12                                      )
    UNITED STATES DEPARTMENT OF         )
13  AGRICULTURE,                        )
                                        )
14               Respondent.            )
                                        )
15  _____)

16          Presently before the court are cross-motions for summary judgment.  Petitioners, Ted W.

17  Rookstool and Leah C. Rookstool (collectively, "Petitioners"), filed a Motion for Summary

18  Judgment (# 13[1]) on May 18, 2007.  On June 18, 2007, Respondent, United States Department of

19  Agriculture ("USDA"), filed an opposition (# 14) and Cross-Motion for Summary Judgment (# 15).

20  Petitioners subsequently filed a reply (# 16) to their Motion for Summary Judgment and an

21  opposition (# 17) to USDA's cross-motion.  USDA replied (# 18).

22  **I.  Factual and Procedural Background**

23          This is an action seeking judicial review of the final decision of the Director of the National

24  Appeal Division of the USDA.  On May 20, 1993, Petitioners entered into a Shared Appreciation

25

26
    _____

            [1]Refers to the court's docket number.

1   Agreement ("SAA") with the Farmers Home Administration.  (Administrative Record (# 6), SAA

2   at 352.)  A SAA is an agreement where USDA agrees to write-down a borrower's debt and the

3   borrower is required to pay a portion of any appreciation that accrued on their farm during the term

4   of the SAA.  *Id.*; *Pauly v. USDA*, 348 F.3d 1143, 1146 (9th Cir. 2003).  Pursuant to the regulations,

5   the amount of appreciation is the difference between the value of the real property at the initiation

6   of the SAA and the value at the termination of the SAA after subtracting the "contributory value"

7   of qualifying capital improvements.  7 C.F.R. 1951.914(c).  By its terms, the SAA in this case

8   expired on May 20, 2003.  (Administrative Record (# 6), SAA at 352.)

9   On September 7, 2005, the Farm Service Agency ("FSA"), a USDA agency, wrote

10  Petitioners a letter informing them that shared appreciation recapture was due in the amount of

11  $135,182.  (Administrative Record (# 6), September 7, 2005, Letter at 4-5.)  FSA relied on the

12  appraisal of Kenneth Brush in determining the current market value of the property.

13  (Administrative Record (# 6), Brush Appraisal at 143-264.)

14  Petitioners appealed the decision to the National Appeals Division ("NAD").

15  (Administrative Record (# 6), October 3, 2005, Letter at 12.)  Petitioners' appeal was based on their

16  disagreement with the value FSA assigned to the farm at the end of the SAA and with the value

17  FSA claims they contributed to the farm with added capital improvements.  (Administrative Record

18  (# 6), Hearing Officer Appeal Determination at 67.)  At the NAD hearing, Petitioners presented a

19  Restricted Use Review Appraisal Report and a Market Value Summary Appraisal Report

20  conducted by Greg Ruddell.  *See* (Administrative Record (# 6), Ruddell Appraisal at 389-518.)

21  Petitioners' appraisal appraised the property at $480,000.  (Administrative Record (# 6), Hearing

22  Officer Appeal Determination at 69.)  On March 23, 2006, a Hearing Officer issued his Appeal

23  Determination.  (Administrative Record (# 6), Hearing Officer Appeal Determination at 73.)  The

24  Hearing Officer concluded that Petitioners were permitted to use their own appraisal, and the

25  testimony of their appraiser, to challenge the appraised value of their property.  *Id.*  The Hearing

26

2

1   Officer further concluded that a preponderance of evidence did not support the value attributed to

2   Petitioner's real property by FSA.  *Id*.

3       On April 25, 2006, FSA requested a review of the hearing officer's decision by the Director

4   of the National Appeals Division.  (Administrative Record (# 6), April 25, 2006, Memorandum at

5   73.)  Upon review, the Director reversed the Hearing Officer's determination.  (Administrative

6   Record (# 6), Director Review Determination at 109-17.)  The Director found that the Hearing

7   Officer's conclusion that the Ruddell Appraisal met Uniform Standards of Professional Appraisal

8   Practice ("USPAP")[2] standards was not supported by the evidence because there was no

9   independent technical appraisal review.  *Id*. at 111.  The Director further found that since

10  Petitioners did not show that the Brush Appraisal was faulty, in that it was not compliant with the

11  USPAP, FSA properly determined the market value of the property and the value of the capital

12  improvements.  *Id*. at 114.  Petitioners subsequently filed this action for judicial review on

13  September 15, 2006.

14  **II.  Legal Standard**

15      7 U.S.C. § 6999 provides for judicial review of a final determination of the National Appeal

16  Division.  Review of such a decision is conducted in accordance with the Administrative Procedure

17  Act ("APA"), 5 U.S.C. §§701 et seq.  7 U.S.C. § 6999.  Thus, this court will "hold unlawful and set

18  aside agency action, findings, and conclusions" that are found to be "arbitrary, capricious, an abuse

19  of discretion, or otherwise not in accordance with law."  5 U.S.C. §§ 706(2)(A).  "An agency's

20  action is arbitrary and capricious if the agency fails to consider an important aspect of a problem, if

21  the agency offers an explanation for the decision that is contrary to the evidence, if the agency's

22  decision is so implausible that it could not be ascribed to a difference in view or be the product of

23

24      [2]USPAP are the "standards governing the preparation, reporting, and reviewing of appraisals
25  established by the Appraisal Foundation pursuant to the Financial Institutions Reform, Recovery, and
    Enforcement Act of 1989."  7 C.F.R. § 761.7(b).

26

1    agency expertise, or if the agency's decision is contrary to governing law." *The Lands Council v.*

2    *Powell*, 395 F.3d 1019, 1026 (9th Cir. 2005) (citations omitted).  The party challenging agency

3    action bears the burden of proof.  *San Luis Obispo Mothers for Peace v. U.S. Nuclear Regulatory*

4    *Comm'n*, 789 F.2d 26, 37 (D.C. Cir. 1986) (citing *Nat'l Ass'n of Regulatory Utility Comm'r v.*

5    *F.C.C.*, 746 F.2d 1492, 1502 (D.C. Cir. 1984)).  "Under the APA, the normal remedy for an

6    unlawful agency action is to 'set aside' the action." *Southeast Alaska Conservation v. U.S. Army*

7    *Corps of Engineers*, 486 F.3d 638, 654 (9th Cir. 2007) (citing 5 U.S.C. § 706(2)).  "In other words,

8    a court should 'vacate the agency's action and remand to the agency to act in compliance with its

9    statutory obligations.'" *Id.* (quoting *Defenders of Wildlife v. EPA*, 420 F.3d 946, 978 (9th Cir.

10    2005)).

11    **III.  Discussion**

12            In seeking judicial review, Petitioners argue that the role of the Director is to review the

13    decision of the Hearing Officer to ensure that it is supported by substantial evidence.  Thus,

14    Petitioners argue that the Director exceeded his authority in several respects that will be addressed

15    below.  USDA, on the other hand, argues that the hearing officer had a limited role of determining

16    whether FSA's calculation of shared appreciation was consistent with the laws and regulations of

17    the agency.  Under this standard of review, USDA argues that once the hearing officer

18    acknowledged that the Brush appraisal complied with USPAP, the hearing officer should have

19    concluded that FSA's calculation of shared appreciation was not erroneous.

20            **A.  The Authority of the Hearing Officer**

21            In the interests of clarity, the court will first address USDA's argument that the Hearing

22    Officer had a limited role of concluding that the FSA's appreciation calculation was not erroneous

23    after finding that the Brush Appraisal complied with USPAP.  Upon closely reviewing the

24    administrative scheme and the record as a whole, the court disagrees with USDA's assessment of

25    the Hearing Officer's role.

26

1     As an initial matter, USDA asserts that a technical appraisal review must be conducted by

2  an independent appraiser.  The regulations do not support this assertion.  Federal regulations have

3  been enacted that determine how to calculate the amount of shared appreciation due under a SAA.

4  *See* 7 C.F.R. § 1951.914(c).  Section 1951.914(c) provides, "[t]he current market value of the real

5  estate security property will be determined based on a current appraisal in accordance with 7 C.F.R.

6  § 761.7 . . . ."  7 C.F.R. § 1951.914(c).  Section 761.7(c) provides as follows: "Real estate

7  appraisals, technical appraisal reviews of real estate appraisals, and their respective forms must

8  comply with the standards contained in USPAP, as well as applicable Agency regulations and

9  procedures for the specific Farm Loan Program activity involved."  7 C.F.R. § 761.7(c).  A

10  "technical appraisal review" is a "review of an appraisal to determine if such appraisal meets the

11  requirements of USPAP pursuant to standard 3 of USPAP."  7 C.F.R. § 761.7(b).

12     Thus, the regulations define the term "technical appraisal review" but do not require that

13  such a review occur.  *See* 7 C.F.R. § 761.7(b).  Instead, the regulations merely require that the

14  appraisal comply with the standards contained in USPAP.  7 C.F.R. § 761.7(c).  The parties have

15  not pointed to any regulation that provides a technical appraisal review is required to show that an

16  appraisal complies with USPAP.  Furthermore, the parties have not cited to any specific portion of

17  USPAP which requires such a technical appraisal review.  While a technical appraisal review may

18  establish that an appraisal complies with USPAP, there is no indication that a Hearing Officer is

19  incapable or unqualified to make such a determination.  Without such a requirement, the only

20  proper issue before the Director was whether substantial evidence supported the Hearing Officer's

21  decision.  7 C.F.R. § 11.10(d).

22     In addition, the court finds that USDA is incorrect in its view of the limited role of the

23  Hearing Officer.  There is no provision in the regulations that limits the role of the Hearing Officer

24  in the manner suggested by USDA.  Pursuant to the regulations, a party may appeal an adverse FSA

25  decision by requesting a hearing before a Hearing Officer.  *See* 7 C.F.R. § 11.6(b).  During the

26

5

hearing, the parties may present evidence, oral testimony of witnesses, arguments in support of the party's position, and may controvert evidence relied upon by the other party.  7 C.F.R. § 11.8(c)(5)(ii).  "The appellant has the burden of proving that the adverse decision of the agency was erroneous by a preponderance of the evidence."  7 C.F.R. § 11.8(e).

The regulations permit a party to appeal the decision of the Hearing Officer to the Director of the National Appeals Division.  7 C.F.R. § 11.9.  The Director reviews the determination of the Hearing Officer to determine whether the decision is supported by substantial evidence.  7 C.F.R. § 11.10(d).  "In making a determination on the appeal, Hearing Officers and the Director shall ensure that the decision is consistent with the laws and regulations of the agency, and with the generally applicable interpretations of such laws and regulations."  7 C.F.R. § 11.10(b).

No provision describing this review process indicates that the Hearing Officer is restricted to determining whether the appraisal supplied by FSA complies with USPAP.  To the contrary, the express language of the regulations indicate that during such a hearing, the parties can present evidence and argument to support their position.  7 C.F.R. § 11.8(c)(5)(ii).  That is what happened in this case.  Petitioners presented a Restricted Use Review Appraisal Report and a Market Value Summary Appraisal Report conducted by Greg Ruddell that the Hearing Officer found complied with USPAP.  Pursuant to the regulations, the Hearing Officer was obligated to consider such evidence.  *See id*.

In addition to erroneously arguing that the regulations support its position, USDA argues that the FSA Handbook limits the issue before the Hearing Officer to whether the FSA's appraisal is consistent with USPAP.  The relevant portion of the FSA Handbook provides as follows:

> If the appellant . . . chooses to challenge the appraisal obtained by FSA for any loan making or loan servicing activities other than primary loan servicing under FSA transferred Instruction 1951-S, the issue on appeal will be whether FSA's appraisal is consistent with USPAP and the appellant may provide an independent technical appraisal review of FSA's appraisal.

> Note: The appellant does not have the right to provide a second independent appraisal for consideration.

(Administrative Record (# 6), FSA Handbook excerpt at 348.)

It is undisputed that the FSA Handbook is properly characterized as a generally applicable interpretation of the agency's regulations.  The court ordinarily gives "substantial deference to an agency's interpretation of its own regulations." *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 511 (1994).  Nevertheless, the court need not defer to an unreasonable construction that does not conform with the wording and purpose of the regulation. *Public Citizen Inc. v. Mineta*, 343 F.3d 1159, 1166 (9th Cir. 2003) (citations omitted).

In this case, the court finds that the portion of the FSA Handbook quoted above is an unreasonable construction of the regulations.  As previously addressed, the regulations explicitly permit the parties to present evidence, oral testimony of witnesses, arguments in support of the party's position, and controvert evidence relied upon by the other party.  7 C.F.R. § 11.8(c)(5)(ii). The regulations do not limit the type of evidence that can be presented nor do they specify that the FSA's appraisal is final unless it can be shown that it is not USPAP compliant.

After the presentation of evidence, the Hearing Officer must determine whether appellant has proven, by a preponderance of the evidence,  that the adverse decision of the agency was erroneous." 7 C.F.R. § 11.8(e).  On appeal to the Director, the only issues are whether the decision of the Hearing Officer is supported by substantial evidence, 7 C.F.R. § 11.10(d), and whether the decision is consistent with the laws and regulations of the agency, and with the generally applicable interpretations of such laws and regulations, 7 C.F.R. § 11.10(b).

**B. Petitioners' Assertions of Error**

In seeking review, Petitioners argue that the Director exceeded his limited review authority in several respects.  USDA does directly respond to each alleged error.  The court will address each alleged error below.

First, Petitioners argue that the Director erred by concluding that the standard of proof was a preponderance of the evidence.  In addressing the applicable legal standards, the Director's

7

determination does state that "Appellants have the burden of proving that the adverse decision of the agency was erroneous by a preponderance of the evidence." (Administrative Record (# 6), Director Review Determination at 110.)  Petitioners are correct that the preponderance standard is the standard used before the hearing officer, 7 C.F.R. § 11.8(e), and that the Director reviews the decision for substantial evidence, 7 C.F.R. § 11.10(d).  Nevertheless, it is unclear to this court whether the Director actually used the preponderance standard.  In reviewing the Hearing Officer's findings of fact, the Director found that several findings were supported by substantial evidence. (Administrative Record (# 6), Director Review Determination at 110.)  Thus, it is not clear to this court whether the Director committed error.  Thus, on remand, the Director will be instructed to review the evidence based on the substantial evidence standard.

Second, Petitioners argue that the Director erred in finding that the Ruddell Appraisal did not comply with USPAP because there was no independent technical appraisal review.  As previously discussed, there is no regulation that requires an independent technical appraisal review. Thus, the court finds the Director erred in concluding that a technical appraisal review is required to determine whether an appraisal is USPAP compliant.  The proper role of the Director was to determine whether there was substantial evidence, apart from the lack of an independent technical appraisal review, to support the Hearing Officer's conclusion that the appraisal was USPAP compliant.

Third,[3] Petitioners argue that the Director erred when concluding that the Hearing Officer incorrectly found that it was his duty to consider the experts' opinions and determine which of the two appraisals was supported by a preponderance of the evidence.  The court agrees with Petitioners.  The Director's determination states that the Hearing Officer's only function is to determine whether FSA's decision was consistent with the regulations. (Administrative Record (# 6), Director Review Determination at 115.)

---

[3]Petitioners' fourth argument is repetitive of the third and will not be addressed separately.

1    As previously discussed by the court, the Hearing Officer is responsible for determining

2    whether the adverse decision of the agency was erroneous by a preponderance of the evidence.  7

3    C.F.R. § 11.8(e).  In making that determination, the Hearing Officer must ensure that the decision is

4    consistent with the laws and regulations of the agency.  7 C.F.R. § 11.10(b).  However, the

5    regulations permit parties to present evidence, oral testimony of witnesses, arguments in support of

6    the party's position, and to controvert evidence relied upon by the other party.  7 C.F.R. §

7    11.8(c)(5)(ii).  In light of this statutory structure, conflicting evidence will likely be presented

8    before a Hearing Officer.  Under such circumstances, the Hearing Officer must examine all the

9    evidence to determine whether the adverse decision of the agency was erroneous by a

10   preponderance of the evidence.  *See* 7 C.F.R. § 11.8(e).  In light of the Hearing Officer's role, it is

11   appropriate for the Hearing Officer to determine which appraisal to accept or reject.  In reviewing

12   that decision, the Director is limited to determine whether substantial evidence supported the

13   Hearing Officer's decision.  7 C.F.R. § 11.10(d)

14   Petitioners' fifth and sixth arguments contend that the Director erred in stating that the

15   focus of the Hearing Officer's analysis should have been on whether the Brush Appraisal satisfied

16   USPAP requirements.  Petitioners are correct.  The appropriate role of the Hearing Officer was

17   previously set forth by the court in part III(A) above.

18   Next, Petitioners argue that the Director erred in finding irrelevant the fact that the FSA

19   included forgiveness of a debt in its consideration of a pending sale.  In concluding that the

20   preponderance of the evidence does not support the value attributed to Petitioners' property by

21   FSA, the Hearing Officer found that the Brush Appraisal erroneously determined that the Pending

22   Sale offer included a forgiveness of debt.  (Administrative Record (# 6), Hearing Officer Appeal

23   Determination at 73.)  The Hearing Officer noted that the Pending Sale offer was included as a

24   verification of FSA's appraised value of Appellants' farm rather than as a comparable sale.  *Id*. at

25   74.  The Director found the Hearing Officer's assignment of error was irrelevant because the Brush

26

9

1  appraisal did not consider the value of that sale in determining market value.  (Administrative

2  Record (# 6), Director Review Determination at 116.)

3          The court finds no error in this portion of the Director's decision.  Petitioners argue that a

4  comparable sale may be admissible as substantive proof of value of the property or as support for

5  the opinion of the expert.  Here, the director did not conclude otherwise.  The Director merely

6  found the Pending Sale offer was not used to determine the value of the property in the Brush

7  appraisal.  The issue of whether the Brush Appraisal was flawed by using the Pending Sale offer as

8  a verification after the appraiser determined that sale included a forgiveness of debt is not before

9  the court.

10          The next alleged error relates to the value of a 79.3 acre tract of land.  The Director

11  concluded that the Hearing Officer substituted his judgment for that of the appraisers in concluding

12  that the Brush appraisal valuation of the 79.3 acres was too high.  Petitioners argue that the Director

13  erred because the Hearing Officer is responsible for making his own determination based on the

14  evidence presented.

15          In light of the previous errors found by the court, it is unclear to the court whether error was

16  committed.  As discussed, the appropriate role of the Director was to determine whether substantial

17  evidence supported the Hearing Officer's determination.  7 C.F.R. § 11.10(d).  By concluding that

18  the Hearing Officer substituted his judgment for that of the appraisers, the Director may have found

19  that substantial evidence did not support the Hearing Officer's conclusion.  Thus, on remand, the

20  Director should clarify whether his decision was based on the appropriate standard of review and

21  determine whether substantial evidence supports the Hearing Officer's decision.

22          Petitioners next argue that the Director erred with respect to his decision regarding the

23  itemization of each capital improvement.  The Hearing Officer found that the Brush Appraisal was

24  flawed because it itemized the value of each capital improvement.  (Administrative Record (# 6),

25  Hearing Officer Appeal Determination at 75.)  The Hearing Officer stated that the method used

26

"limits itself to the consideration of a single, highly subjective method of determining the contributory value of qualifying capital improvements, and failed to explore the possibility of other, less subjective, and therefore possibly more accurate, methods." *Id*. at 76.  The Director disagreed with the Hearing Officer and found that FSA's interpretation of section 1951.914(c) was reasonable.  (Administrative Record (# 6), Director Review Determination at 116.)

In this case, the court finds that the decision of the Director is unclear.  As this court has stated several times, the role of the Director was to determine whether substantial evidence supported the Hearing Officer's determination, 7 C.F.R. § 11.10(d), and to ensure that the decision of the agency is consistent with the laws and regulations of the agency, and with the generally applicable interpretations of such laws and regulations, 7 C.F.R. § 11.10(b).

Here, the Director did not identify any generally applicable interpretation of Section 1951.914(c)(ii).  Furthermore, it is not clear whether the Director interpreted the requirements of Section 1951.914(c)(ii) himself.  In his determination, the Director first states that the FSA's interpretation of the regulation is reasonable.  (Administrative Record (# 6), Director Review Determination at 116.)  Thus, it is possible the Director neglected his duty to determine whether the decision is consistent with the regulations as the Director may not have interpreted the meaning of the regulation in the first instance.

The Director's determination continues by stating that the Director found the FSA's calculation of the total contributory value of the capital improvements to be proper and consistent with the regulations. *Id.* at 116-17.  However, the Director offers little explanation for this conclusory finding as he merely states that the Brush appraisal provided a sound basis for the value he used for the contributory value of the capital improvements. *Id*.  Because the Director's determination is unclear, the court will direct the Director to clarify his decision on remand.  If the Director concludes that Section 1915.914(c)(ii) neither requires nor prohibits such itemization, then the Director must review the Hearing Officer's determination for substantial evidence.  Because it

11

is unclear whether the agency has interpreted Section 1951.915(c)(ii), the court will remand the action to the agency to first interpret and apply the regulation.

Petitioners' final argument asserts that the Director erred in concluding that Petitioners did not show by a preponderance of the evidence that FSA's decision was erroneous. This court agrees. The role of the Director was to determine whether substantial evidence supported the Hearing Officer's determination, 7 C.F.R. § 11.10(d), and to ensure that the decision of the agency is consistent with the laws and regulations of the agency, and with the generally applicable interpretations of such laws and regulations, 7 C.F.R. § 11.10(b). Thus, it is clear that the Director did not review the decision of the Hearing Officer in accordance with the law.

In light of the foregoing discussion, the court finds that the decision of the Director is arbitrary, capricious, and contrary to law. Because the Director did not review the Hearing Officer's decision in accordance with the law and regulations, the court will remand this action for further consideration in light of this order.

IT IS THEREFORE ORDERED that Petitioners' Motion for Summary Judgment (# 13) is hereby GRANTED. The Director's determination is hereby REVERSED and REMANDED for reconsideration and clarification consistent with this order.

IT IS FURTHER ORDERED that USDA's Cross-Motion for Summary Judgment (# 15) is hereby DENIED.

The Clerk of the court shall enter judgment accordingly.

IT IS SO ORDERED.

DATED this 14th day of February, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE