UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TED W. ROOKSTOOL and LEAH C. ROOKSTOOL, | ) ) |
| Petitioners, | ) ) 3:06-CV-00499-LRH-VPC ) |
| v. | ) ORDER ) |
| UNITED STATES DEPARTMENT OF AGRICULTURE, | ) ) ) |
| Respondent. | ) ) ) |

Presently before the court is a Motion for Attorney Fees and Costs (# 21[1]) filed by petitioners Ted W. Rookstool and Leah C. Rookstool (collectively, "Petitioners"). The United States Department of Agriculture ("USDA") has filed an opposition (# 24), to which Petitioners replied (# 25).

On February 14, 2008, this court entered an order reversing the final decision of the Director of the National Appeal Division of the USDA and remanded the action for reconsideration and clarification. (Feb. 14, 2008, Order (# 19).) Petitioners now seek attorney's fees and costs in the amount of $33,395.74. Petitioners argue they are prevailing parties within the meaning of the Equal Access to Justice Act ("EAJA"). USDA argues that Petitioners are not prevailing parties

---

[1] Refers to the court's docket number.

because the dispute regarding the amount of shared appreciation owed by Petitioners remains unresolved. Specifically, USDA contends that the court did not find the shared appreciation calculation to be erroneous. USDA additionally argues that its position was substantially justified because this case involved novel issues that have not been addressed by the courts.

The EAJA provides, that in claims against the government, "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A party is considered to be a prevailing party if the "federal court actions resulted in a 'material alteration of the legal relationship of the parties' and . . . the alteration was 'judicially sanctioned.'" *Li v. Keisler*, 505 F.3d 913, 917 (9th Cir. 2007) (quoting *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources*, 532 U.S. 598, 604-05 (2001)).

In the case at bar, the court finds that Petitioners satisfy the prevailing party requirement of the EAJA. In its February 14, 2008, Order (# 19), the court found, in part, that the Director erred in concluding that a technical appraisal review is required to determine whether an appraisal is USPAP compliant. The court additionally found that the director erred in concluding that the Hearing Officer could not determine which of the experts' opinions were supported by a preponderance of the evidence. *Id*. These two findings resulted in a judicially sanctioned "material alteration of the legal relationship of the parties." *See Li*, 505 F.3d at 917; *see also Rueda-Menicucci v. I.N.S.*, 132 F.3d 493, 495 (9th Cir. 1997). The findings affect what evidence is going to be considered and reviewed by the USDA and how the USDA will ultimately make its decision.

Because Petitioners are prevailing parties, they are entitled to an award of attorney's fees unless the position of the United States was substantially justified or special circumstances make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). Substantial justification "means that the government's position must have a 'reasonable basis both in law and in fact,' i.e., the government

2

need not be 'justified to a high degree,' but rather 'justified in substance or in the main'- that is, justified to a degree that could satisfy the reasonable person." *Wang v. Horio*, 45 F.3d 1362, 1364 (9th Cir. 1995) (quoting *Bay Area Peace Navy v. U.S.*, 914 F.2d 1224, 1230 (9th Cir. 1990)). USDA bears the burden of demonstrating that its position was substantially justified. *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988) (citing *Petition of Hill*, 775 F.2d 1037, 1042 (9th Cir. 1985)). Two inquiries guide the question of whether there was substantial justification: "first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Id*.

USDA argues its position was substantially justified because the decision of the court involved novel issues of law that had not previously been addressed by the courts. USDA further argues that it was reasonable for it to rely on its own published interpretation of the applicable regulations. The court disagrees. In its February 14, 2008, Order (# 19), the court found no support in the regulations for USDA's position regarding the role of the Director. Because there was no support for the USDA's interpretation of the regulations, that interpretation was unreasonable. In its order, the court further found a portion of the FSA Handbook relied upon by USDA to be an unreasonable interpretation of the regulations. For these reasons, the court finds that USDA has not met its burden of showing substantial justification. Petitioners are entitled to recover attorney's fees and costs.

Petitioners seek a total of $33,395.74. This amount consists of the following: (1) $36.69 in costs, (2) $18,363 in attorney fees, (3) $6,593 for the fees of the agent who assisted Petitioners before the Hearing Officer, and (4) $8,403.05 for expert appraisers. USDA argues the amount of fees and costs sought by Petitioners is excessive. Specifically, USDA argues that the hourly rate for attorney fees should be limited to that set forth by EAJA. USDA also objects to a portion of the claimed costs for interest in the amount of $6.03. Finally, USDA argues that the expenses incurred

at the administrative proceedings are not recoverable.

Pursuant to EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The Ninth Circuit has held that three requirements must be satisfied before the court can exceed the statutory limit. *Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991) (citing *Pirus v. Bowen*, 869 F.2d 536, 541-42 (9th Cir. 1989)). "First, the attorney must possess distinctive knowledge and skills developed through a practice specialty. Second, those distinctive skills must be needed in this litigation. Lastly, those skills must not be available elsewhere at the statutory rate." *Id*.

Julian Smith ("Smith"), counsel for Petitioners, has submitted an affidavit indicating he has been practicing law in Nevada since 1970. (Mot. for Att'y Fees and Costs (# 21), Aff. of Smith, Ex. B ¶ 2.) Smith further states that he has extensive agriculture experience and has previously been employed as county office manager for the USDA ACSC office for six and one-half years. *Id*. ¶ 3. Smith has also indicated the customary practice of his law firm is to charge $250 per hour for Smith's services. *Id*. ¶ 4.

Smith's affidavit demonstrates that he possesses distinctive knowledge and skills in his specialty. Furthermore, the court finds such knowledge and skill was needed in this litigation. The issues in this litigation required the court to examine the administrative scheme of the USDA in relation to shared appreciation agreements. The specialized skill of the attorneys in this case was helpful to the court in deciphering that scheme. Finally, the court takes judicial notice that the specialized skills of Smith are not available elsewhere at the statutory rate. *See* Fed. R. Evid. 201. Thus, the court will calculate the attorney fee award at a rate of $250 an hour. USDA does not object to the number of hours claimed by Smith in his billing statement. Thus, the court will award Petitioners the fees requested in the amount of $18,363.

Petitioners also seek fees in the amount of $6,593 for Gary Thomas, the agent who assisted Petitioners before the Hearing Officer and $8,403.05 for expert appraisers. USDA argues these expenses are not recoverable under EAJA. EAJA authorizes this court to award fees and costs in connection with a civil action or an "adversary adjudication." 28 U.S.C. § 2412(d)(3). For purposes of this case, an adversary adjudication means "an adjudication under section 554 of this title in which the position of the United States is represented by counsel or otherwise, but excludes an adjudication for the purpose of establishing or fixing a rate or for the purpose of granting or renewing a license." 5 U.S.C. § 504(b)(1)(C). A Proceeding before the NAD is an adversarial adjudication under § 554. *Aageson Grain & Cattle v. United States Dep't of Agric.*, 500 F.3d 1038, 1043-44 (9th Cir. 2007).

Pursuant to § 2412(d)(2)(A), fees and other expenses "includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees." The court finds that the fee for Petitioners' expert appraiser qualifies as a fee and other expense under § 2412(d)(2)(A) as it was necessary for the preparation of Petitioner's case.

Finally, Petitioners seek fees in the amount of $6,593 for the fees of the agent, Gary Thomas, who assisted them before the Hearing Officer. Petitioners have not adequately supported this request. Petitioners have not identified the qualifications of the agent, what services the agent provided, or how much the agent charged for those services. Instead, Petitioners have attached a billing statement that indicates that amount paid to the agent in 2003, 2004, 2005, and 2006. Thus, the court will deny Petitioners request for these fees and give Petitioners leave to request such fees upon providing further evidentiary support.

Finally, USDA objects to $6.03 listed as interest in Petitioner's bill of costs. The court agrees with USDA that this portion of costs is not recoverable and will award Petitioners $30.66 in costs.

1   IT IS THEREFORE ORDERED that Petitioners' Motion for Attorney Fees and Costs (#
2   21) is hereby GRANTED in part.  Petitioners are awarded attorney fees in the amount of $18,363,
3   expert appraiser fees in the amount of $8,403.05, and costs in the amount of $30.66.  The total
4   amount awarded to Petitioners is $26,796.71.
5   IT IS SO ORDERED.
6   DATED this 3rd day of September, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE