UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | | |
|---|---|---|
| TED W. ROOKSTOOL and LEAH C. ROOKSTOOL, | ) ) ) | |
| Petitioners, | ) ) | 3:06-CV-00499-LRH-VPC |
| v. | ) ) | ORDER |
| UNITED STATES DEPARTMENT OF AGRICULTURE, | ) ) ) | |
| Respondent. | ) ) ) | |

    Before the court are two motions: Petitioners Ted Rookstool and Leah Rookstool's Motion to Order Respondent to Conform to Court's Order (#30[1]) and Petitioners' Supplement to Motion for Attorney Fees and Costs (#27).

    Petitioners' motion to conform comes after this court's February 14, 2008, order granting Petitioners' motion for summary judgment and denying Petitioner USDA's cross-motion for summary judgment. In its order, the court set aside the Director of the USDA National Appeal Division's Review Determination on a number of grounds. Relevant to the present motion, however, is the court's order that the Director clarify his decision regarding the Farm Service Agency's ("FSA") method for appraising capital improvements on Petitioners' farm.

---

[1] Refers to the court's docket entry number

In their present motion, Petitioners argue that the Director failed to comply with this court's order by failing to honor the appraisal prepared by Greg Ruddell regarding the value of capital improvements on Petitioners' farm. The court disagrees. In its February 14, 2008, order, the court ordered the Director to "clarify his decision on remand." (Feb. 14, 2008, Order (#19) at 11:23.) The court made no statement about what that decision should be or, more specifically, whether the FSA should adopt Ruddell's appraisal of the capital improvements on Petitioners' farm. Petitioners' motion to conform is therefore denied.

Turning now to Petitioners' supplemental motion for attorney fees, in its September 3, 2008, order, the court awarded Petitioners $26,796.71 in attorneys' fees and costs. The court, however, rejected Petitioners' request for $6,593 in fees incurred to hire Gary Thomas. The court found that Petitioners had not adequately supported their request by identifying Thomas's qualifications, the services he provided, or how much he charged for his services. In their Supplement to Motion for Attorneys Fees and Costs, Petitioners now purport to remedy that deficiency by presenting what they claim is a letter from Gary Thomas and a billing statement itemizing his services from 2003 to 2008.

The court finds Petitioners have failed to show Thomas's fees are recoverable under the Equal Justice Access to Justice Act ("EAJA"). The EAJA does not permit a party to recover, as Petitioners put it, fees incurred to hire a person "in lieu of an attorney . . . ." (Suppl. to Mot. for Att'y Fees & Costs (#27) at 2.)[2] Title 28 U.S.C. § 2412(d)(1)(A) provides, in pertinent part, "[A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action  . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action . . . ." Subsection (d)(2)(A) defines "fees and other expenses" as including "the reasonable expenses of expert witnesses, the reasonable

---

[2] The Thomas letter similarly purports to show that Thomas acted on behalf of Petitioners: "I attended the Appeal Hearing representing the Rookstools." (Thomas Letter (#27) Ex. A at 1.)

2

cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees . . . ."

In *Merrell v. Block*, 809 F.2d 639 (9th Cir. 1987), the Ninth Circuit considered whether to award a pro se plaintiff attorney fees under the EAJA after he prevailed in an action against the United States. After reviewing the EAJA's statutory language, as well as persuasive authority from the First Circuit, the Ninth Circuit held that the district court did not abuse its discretion in denying the plaintiff attorney fees. *Id.* at 641-42. Significantly, the court noted that "'[f]ees' are specifically defined in the statute as 'reasonable attorney fees.'" *Id.* at 642. "This choice of terminology, standing alone," the court stated, "leads to the conclusion that Congress intended that an attorney have been retained for a prevailing *pro se* litigant to recover attorney fees under the EAJA." *Id.*

While the case at bar does not involve a pro se litigant, rather Petitioner seeks fees incurred to hire Thomas "in lieu of an attorney," the court finds *Merrell* and the EAJA's statutory language controlling. Furthermore, as noted by the Supreme Court in *Kay v. Ehrler* in the context of the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988, restricting fee awards to fees incurred to hire a third-party attorney serves to ensure the assistance of competent counsel in vindicating a litigant's rights. *See* 499 U.S. 432, 436-37 (1991). This court finds § 1988's policy objective similarly persuasive here, where awarding fees incurred to hire a layman could encourage inadequate representation before administrative agencies.

IT IS THEREFORE ORDERED that Petitioners' Motion to Order Respondent to Conform to Court's Order (#30) is DENIED.

///
///
///
///

3

1   IT IS FURTHER ORDERED that Petitioners' Supplement to Motion for Attorney Fees and
2 Costs (#27) is DENIED.
3   IT IS SO ORDERED.
4   DATED this 11th day of June, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE